J-S11041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JHERI LAMAR MATTHEWS | : | |
| | : | |
| Appellant | : | No. 482 WDA 2025 |
| | : | |

Appeal from the PCRA Order Entered October 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016067-2005

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: May 1, 2026**

Jheri Lamar Matthews appeals *nunc pro tunc* from the October 9, 2018 order, entered in the Court of Common Pleas of Allegheny County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

Matthews was charged with one count each of homicide and conspiracy—homicide related to the March 16, 2005 killing of Keith Watts. Matthews' co-defendants, Shawn Wilmer and Howard Kelley, were also charged. On April 18, 2007, Matthews and his co-defendants proceeded to a joint jury trial after which Matthews was acquitted of homicide but convicted of conspiracy—homicide. On November 5, 2007, the trial court sentenced Matthews to 20 to 40 years' imprisonment.

Matthews filed a timely appeal and, on September 30, 2009, this Court affirmed his judgment of sentence. *See Commonwealth v. Matthews*, 986 A.2d 1259 (Pa. Super. 2009) (Table). Matthews did not file a petition for allowance of appeal in our Supreme Court. Instead, on February 25, 2010, Matthews filed a *pro se* PCRA petition seeking reinstatement of his right to seek allowance of appeal in our Supreme Court. Ultimately, the PCRA court reinstated Matthews' ability to seek allowance of appeal and appointed counsel. Counsel filed a petition for allowance of appeal, which our Supreme Court denied on March 27, 2012. *See id.*, 40 A.3d 1235 (Pa. 2012) (Table). Matthews, again acting *pro se*, filed a petition for writ of *certiorari* in the United States Supreme Court, which was denied on October 1, 2012. *See Matthews v. Pennsylvania*, 568 U.S. 881 (2012).

On August 29, 2013, Matthews filed a *pro se* PCRA petition, his first,[1] in which he claimed that his trial counsel was ineffective in cross-examining Commonwealth witness Nathan Walters. The PCRA court appointed Ryan James, Esquire, who, on September 29, 2014, filed a *Turner*/*Finley*[2] no-merit letter and a motion to withdraw. On January 9, 2015, the PCRA court issued notice of its intent to dismiss Matthews' PCRA petition pursuant to

_____

[1] "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Pa.R.Crim.P. 907. Matthews, again acting *pro se*, filed a Rule 907 response and amended his PCRA petition. On December 8, 2015, the PCRA court issued another Rule 907 notice of its intent to dismiss Matthews' petition and Matthews filed a second response. On June 2, 2016, the PCRA court dismissed Matthews' PCRA petition. Matthews filed a timely *pro se* appeal and, on May 25, 2017, this Court affirmed. ***See Commonwealth v. Matthews***, 170 A.3d 1257 (Pa. Super. 2017) (Table).

On August 6, 2018, Matthews, again acting *pro se*, filed a second PCRA petition. On August 18, 2018, the PCRA court issued notice of its intent to dismiss Matthews' petition pursuant to Rule 907 finding the petition patently untimely and that Matthews failed to satisfy a time-bar exception to the PCRA. Matthews did not file a response and, on October 9, 2018, the PCRA court dismissed Matthews' PCRA petition.

Matthews filed a timely *pro se* notice of appeal, after which George Bills, Esquire, entered his appearance on behalf of Matthews. Attorney Bills did not file a brief in this Court and, as a result, this Court directed the PCRA court to conduct a hearing to determine whether Attorney Bills had abandoned Matthews. The PCRA court conducted the hearing, concluded that Attorney Bills had not abandoned Matthews, and Attorney Bills was afforded additional time to file an appellate brief. Ultimately, Attorney Bills failed to file an appellate brief and this Court dismissed Matthews' appeal. ***See*** Order, 2/17/21, at 1.

- 3 -

On October 21, 2022, Matthews filed his third *pro se* PCRA petition raising ineffective assistance of counsel claims with respect to Attorney James. The PCRA court appointed new PCRA counsel who, on February 14, 2025, filed an amended PCRA petition seeking restoration of Matthews' appellate rights from the October 9, 2018 order denying his second PCRA petition. On April 3, 2025, the PCRA court granted Matthews' amended PCRA petition and reinstated his right to appeal from the October 9, 2018 order.

Matthews filed the instant *nunc pro tunc* appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Matthews now raises the following claims for our review:

> 1. Did the PCRA court engage in impermissible factfinding and/or consider facts/evidence dehors the record in dismissing [Matthews'] PCRA petition without a hearing?
>
> 2. Did the PCRA court err in concluding that [Matthews] could not meet the miscarriage of justice standard when, under similar circumstances, proffered recantation testimony was deemed to meet that standard in ***Commonwealth v. Medina***, 92 A.3d 1210 (Pa. Super. 2013) (en banc)[?]

Brief for Appellant, at 3 (unnecessary capitalization omitted).

Prior to addressing the merits of the issues Matthews has raised on appeal, we must determine whether the PCRA court possessed jurisdiction to consider the merits of Matthews' petition. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a

petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.

Instantly, Matthews' judgment of sentence became final, for purposes of the PCRA, on October 1, 2012, when the United States Supreme Court denied *certiorari* of his direct appeal. **See Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (judgment of sentence becomes final when United States Supreme Court denies review). Thus, Matthews had until October 1, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1), (3). Consequently, Matthews' instant petition, filed on August 6, 2018, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Instantly, we observe that Matthews does not invoke any of the enumerated exceptions set forth above and, thus, he has failed to demonstrate that he satisfies an exception to the PCRA time bar. *See id.*; *see also Commonwealth v. Stahl*, 292 A.3d 1130, 1134 (Pa. Super. 2023) (PCRA timing requirements are jurisdictional threshold and must be strictly construed; no court has jurisdiction over untimely PCRA petition). Accordingly, Matthews' August 6, 2018 PCRA petition is untimely and we affirm the PCRA court's order concluding the same.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/1/2026